UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

GERMAN TELLO,

      Plaintiffs,             CASE No.: _____

v.

JHON OTALORA AND
ERISA IMPROVEMENTS CORP.,

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR A JURY TRIAL

Plaintiff, GERMAN TELLO (the "Plaintiff"), by and through their undersigned counsel, sues the Defendants, JHON OTALORA ("Otalora") and ERISA IMPROVEMENTS CORP. ("ERISA") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et. seq., to recover unpaid regular and overtime wages, and states as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. This action involves a federal statute, namely, 29 U.S.C. § 201, et. seq.

2. This Court has personal jurisdiction over this action because ERISA conducts business throughout West Palm Beach County, Miami-Dade County and Broward County.

3. Venue is proper in this Court pursuant to 29 U.S.C. § 216 (b).

## PARTIES

4. Plaintiff resides in Boca Raton, Florida. He was employed by the Defendants July of 2020 to May of 2022.

5. ERISA is corporation organized under the laws of State of Florida. ERISA's principal place of business is located in Boca Raton, Florida. Moreover, the damages at issue occurred in Broward County, Florida.

6. ERISA is a general contractor company providing residential, commercial and industrial construction services to individual homeowners, as well as industrial, commercial, and residential builders. The Defendants are "Employers" as that term is defined under 29 U.S. C. § 201 et seq.

## FACTUAL BACKGROUND

7. In July of 2020, the Defendants hired the Plaintiff to work in various construction sites as an employee. The Plaintiff's duties included driving the company car to take materials to the worksites, buy construction material, and provide whatever assistance was required a the job site. The Plaintiff was employed until May of 2022.

8. The Defendants paid the Plaintiff a weekly amount of $600 per week. The Plaintiff worked Monday through Saturday from 8:00am to 5:00pm. This totals 54 hours a week.

9. The Defendant was required to pay the Plaintiff overtime hours at a rate 1.5 times the regular rate. For purposes of regular rate, the Plaintiff's regular rate was $11.11. As a result, the overtime rate is $16.67 per hour. The Plaintiff is an "employee" as the term is defined in the statute.

10. Throughout his employment, the Defendants failed to pay the Plaintiff for hours worked overtime. The Plaintiff received less overtime compensation than he was entitled to under the law.

11. The Defendants routinely failed to pay the Plaintiff the overtime pay that is required under the law, and the few times that it paid overtime, the Defendants intentionally miscalculated the overtime compensation it paid to the Plaintiff.

12. In addition, the Defendants failed to pay the Plaintiff at all for any of the hours the Plaintiff actually worked (regular hours and overtime hours). Thus, the Defendants failed to both overtime hours and regular hours even though the Plaintiff worked the full week.

13. The Defendants intentionally violated FLSA and Florida compensation laws, including FLSA.

14. The Defendants owe the Plaintiff approximately $11,702.34 in overtime pay for the time relevant to this Complaint. In addition, the Defendants owe the Plaintiff for the work that he performed but did not receive regular pay. In total, the Defendants owe the Plaintiff a total of $30,251.00 in regular and overtime wages.

15. Plaintiffs have complied with all conditions precedent to bringing this action, or those conditions precedent have been waived.

16. Plaintiffs retained undersigned counsel and are obligated to pay for the legal services rendered.

## COUNT I
## (VIOLATION OF FLSA)

17. Plaintiff re-alleges and incorporates herein the allegations contained in Paragraph 1 – 16 above and further states as follows:

18. Defendants are an "employer" as defined under 29 U.S.C. § 216. Consequently, the statute applies to the Defendants.

19. Defendants willfully violated 29 U.S.C. § 216, et seq. by engaging in a pattern and practice of miscalculating Plaintiffs' overtime compensation as described above and by failing to pay regular wages. The Defendants also owe the Plaintiff back wages for time that was worked but never paid.

20. Under FLSA, the Plaintiff is entitled to receive time and a half overtime pay. The Defendants failed and/or refused to pay overtime. As a result, the Defendants consistently and willfully miscalculated the Plaintiffs' overtime compensation. The Defendants know or should have known that they needed to calculate the Plaintiff's overtime compensation based on the actual hours worked. They also knew that the Plaintiff was entitled to overtime pay for all hours worked over 40 hours a week. The Defendants willfully violated the relevant FLSA provisions or acted with reckless disregard of those provisions.

21. As a result, the Plaintiff is entitled to the recovery of unpaid wages, overtime wages and liquidated damages, plus pre-judgment interests, costs and attorney's fees. The Plaintiff is also entitled to punitive damages.

WHEREFORE, the Plaintiff prays for judgment in his favor against the Defendant in an amount to be proven at trial, plus costs, pre-judgment and post-judgment interest, reasonable attorney's fees, punitive damages and such other remedy as the Court deems just and proper.

## **REQUEST FOR A JURY TRIAL**

Plaintiffs request a trial by jury on all triable issues.

Respectfully submitted,

*/s/ Andres H. Lopez*

Andres H. Lopez
Fla. Bar No. 0067564
The Andres Lopez Law Firm, PA
7351 Wiles Road, Suite 101
Coral Springs, Florida 33067
Phone: 954-237-8138
Facsimile: 877-395-7558
Email: Andres@alopezlawfirm.com
*Counsel for the Plaintiff*